FILED

JUL 12 2006



CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LON SYHAVONG, | CIV 05-4111 |
| | CR 03-40037 |
| Movant, | |
| -vs- | MEMORANDUM OPINION |
| | AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lon Syhavong filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and the government filed a response to the motion. For the following reasons, the Court will require further briefing from the parties.

## BACKGROUND

On June 25, 2003, a jury convicted Movant of possession with intent to distribute at least 50 but less than 500 grams of a substance containing methamphetamine, and conspiracy to possess with intent to distribute at least 50 but less than 500 grams of a substance containing methamphetamine. Sentencing took place on September 8, 2003. The Court found that Movant's criminal activity involved 3.43 kilograms of methamphetamine. Movant objected to that amount, which was set forth in the PSR prior to sentencing, arguing that only the drug amounts determined by the jury were attributable to him. Overruling that objection, the Court found an Offense Level of 34 and a Criminal History Category of I, resulting in a guideline range of 151 to 188 months. Movant was sentenced to 151 months of imprisonment and 4 years supervised release on each of the two counts, to be served concurrently. Represented by retained counsel, Maury D. Beaulier, Movant appealed to the Eighth Circuit. He challenged the sufficiency of the evidence. He also argued that some

drugs were incorrectly attributed to him, and that this Court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(C), which requires the sentencing court to append a record of its findings to the copy of the PSR that is made available to the Bureau of Prisons. The Eighth Circuit affirmed the conviction and sentence, and its Mandate was issued on June 1, 2004. Movant asserts that he told appellate counsel to appeal the Eighth Circuit's decision, but counsel failed to do so.

On June 24, 2004, the United States Supreme Court ruled that a Washington state sentencing guideline scheme violated the defendant's Sixth Amendment right to trial by jury by permitting his sentence to be enhanced above the guideline range based on factors not found by a jury beyond a reasonable doubt, even though the resulting sentence was less than the statutory maximum. *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004). The Supreme Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.*, 542 U.S. at 303-304 (citations omitted)(emphasis in original). Applying the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to this definition of "statutory maximum," the Court held that Blakely's sentence-which was enhanced under the state guidelines based on the sentencing court's additional finding by a preponderance of the evidence that Blakely committed his kidnaping offense with deliberate cruelty-violated the Sixth Amendment. *Blakely*, 542 U.S. at 304. The *Blakely* decision instantly generated discussions about its implications for the Federal Sentencing Guidelines. On July 1, 2004, this Court issued a Memorandum Opinion and Order holding that "the principle of *Blakely* applies to the United States Sentencing Guidelines." *United States v. Benjamin J. Bollack and Bryan J. Buck*, CR 04-40017, doc. 61. On September 27, 2004, the Eighth Circuit issued an Administrative Order Regarding

2

*Blakely* Cases citing *Blakely* and announcing that the mandates in criminal cases would be held pending the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 233 (2005), and ruling that individual panels of judges "may permit" supplemental briefing after the Supreme Court decided *Booker. See, e.g., United States v. Burns,* 432 F.3d 856, 864 (8th Cir. 2005). A copy of the Administrative Order is attached to this Memorandum Opinion.

Subsequently, in *Booker,* the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in *Blakely. Booker,* 543 U.S. at 233. Extending its holding in *Blakely* to the Federal Sentencing Guidelines, the Court reaffirmed the holding in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244. Thus, the Court found that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee of the right to a jury trial and it excised those portions of the Guidelines that made them mandatory. *Id.* at 245.

Proceeding pro se, Movant brought this timely § 2255 motion, setting forth four grounds for relief. In his first two grounds for relief, Movant claims that his court-appointed trial lawyer, David Palmer, and his lawyer on appeal, Maury Beaulier, rendered ineffective assistance of counsel by failing to present legal arguments at sentencing and on appeal based on *Apprendi v. New Jersey,* 530 U.S. 466 (2000). He also claims that appellate counsel was ineffective for failing to file a petition for a writ of certiorari, particularly after the *Blakely* decision was issued. In the third ground for relief, Movant asserts that his due process rights were violated by the Court's alleged failure to comply with Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure. Finally, in ground four, Movant contends that his sentence is unconstitutional under *United States v. Booker,* 543 U.S. 220 (2004).

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. At this juncture, the Court will focus on Movant's ineffective assistance of counsel claim based on appellate counsel's failure to petition for a writ of certiorari.

A defendant is entitled to § 2255 relief if he can show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Judicial review of trial counsel's effectiveness is highly deferential, and this Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002). If the court concludes that an insufficient showing has been made of either prong of the *Strickland* test, then the ineffective assistance claim should be denied. *Strickland*, 466 U.S. at 697.

Movant's time to petition for a writ of certiorari had not expired when the *Blakely* decision was issued. According to the government's calculations, Movant's 90 day time-frame to petition for a writ of certiorari lapsed on August 5, 2004. In its response to this § 2255 action, the government did not address whether appellate counsel's failure to file a petition for rehearing with the Eighth Circuit or to file a petition for certiorari with the Supreme Court in the aftermath of *Blakely* constitutes ineffective assistance of counsel. The government also did not address the assertion that appellate counsel failed to take action after

Movant said he wanted to appeal the Eighth Circuit's decision. Before ruling on this § 2255, the Court will allow the government to address these important issues. Accordingly,

IT IS ORDERED:

(1) That, on or before July 31, 2004, the government shall serve and file any necessary documentation and a supplemental brief regarding whether appellate counsel's failure to petition for a writ of certiorari with the United States Supreme Court constitutes ineffective assistance of counsel. Movant may serve and file a reply within ten (10) days after receipt of the government's brief.

(2) That the Clerk of Court shall serve a copy of this Memorandum Opinion and Order upon Mr. Maury D. Beaulier, Hellmuth & Johnson, 10400 Viking Drive, Suite 500, Eden Prairie, Minnesota 55344.

Dated this 12th day of July, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
   (SEAL)         DEPUTY

5