UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 0 3 2007

CLERK

```
******************************************************************
                          *
LON SYHAVONG,             *        CIV 05-4111
                          *        CR 03-40037
           Movant,        *
                          •        MEMORANDUM OPINION
    -vs-                  *        AND ORDER GRANTING MOTION
                          *
UNITED STATES OF AMERICA, *
                          *
           Respondent.    *
                          *
******************************************************************
```

Lon Syhavong ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion will be granted in part.

## BACKGROUND

In his Memorandum/Facts in Support of § 2255 Motion, Movant explains that he is a Laotian with a second grade education. He cannot read or write Laotian or English. His family paid $18,000 to his appellate lawyer, Maury Beaulier, and Movant understood that Beaulier would represent him "until the case was final." Movant asserts that Beaulier failed to inform him of the right to file a petition for re-hearing or a petition for a writ of certiorari after the Eighth Circuit affirmed his conviction and sentence.

In a Memorandum Opinion and Order issued on July 12, 2006, the Court directed the parties to provide further documentation and to brief the issue whether appellate counsel's failure to petition for a writ of certiorari with the United States Supreme Court constitutes ineffective assistance of counsel. The parties filed supplemental documentation and then they attempted to agree on stipulated facts to be submitted to the Court in lieu of an evidentiary hearing. A stipulation could not be reached and an evidentiary hearing was held on July 25, 2007. Movant was present with his court-appointed lawyer, Richard L. Johnson. John Haak appeared on behalf of the government.

Prior to the evidentiary hearing, government counsel submitted an affidavit indicating that he spoke with Movant's lawyer, Maury Beaulier. Beaulier told government counsel that his communications with Movant were conducted through a third party who Beaulier believed was Movant's relative. Beaulier advised Movant's relative that Movant had the right to file a petition for writ of certiorari but that the chance of success was not good. Beaulier said that neither Movant nor his relative requested that a petition for writ of certiorari be filed. Beaulier admitted that he did not advise Movant directly or indirectly of the procedure for filing a *pro se* petition for certiorari in the United States Supreme Court or of the time limits for filing of such a petition. He informed counsel for the government that he did not follow the procedure set forth in Part V of the Plan to Supplement the Criminal Justice Act of 1964, nor did he file a Certification with the Clerk of Court within 30 days, certifying that he complied with his obligations under Part V.

At the hearing on July 25, 2007, a Laotian interpreter was present for Movant. Movant testified that Maury Beaulier represented him on appeal. After Movant learned that the Eighth Circuit affirmed his conviction and sentence, he never heard from Beaulier. Movant tried to contact Beaulier by letter to let him know he wanted to appeal. Because Movant cannot read or write English, Movant's friend wrote a letter in English to Beaulier requesting an appeal. Movant believes the letter was sent eight or nine months after he received notice of the Eighth Circuit's decision. Movant heard nothing from Beaulier.

Beaulier was not present and did not testify at the evidentiary hearing on July 25, 2007. No documents were proffered at the hearing. After Movant's testimony, counsel for the government argued that it was questionable whether Movant asked Beaulier to appeal, but he agreed that Beaulier did not follow the required procedures.

### DISCUSSION

A defendant is entitled to § 2255 relief if he can show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88,

694 (1984); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Prejudice to a defendant is presumed when counsel failed to file a notice of appeal after being "so instructed by the client." *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989). The Ninth Circuit aptly stated: "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). The court need not inquire into whether the intended appeal would be meritorious or likely to succeed. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

In considering whether an attorney for an indigent defendant has the duty to file a petition for certiorari when the defendant so requests, the Supreme Court in *Austin v. United States*, 513 U.S. 5, 8 (1994), directed the Circuit Courts to revise their Criminal Justice Plans if necessary so that counsel would not be obliged to file petitions for certiorari that would present frivolous claims in violation of Supreme Court rules. On December 6, 1994, the Eighth Circuit revised Part V of its Amended Criminal Justice Act Plan. Specifically, counsel is to advise the defendant of the right to file a petition for writ of certiorari in the Supreme Court of the United States, and to inform the defendant as to the merits and likelihood of success in the filing of such a petition. If counsel determines there are meritorious issues, defense counsel shall assist the defendant in filing a petition for writ of certiorari. If counsel determines there are no meritorious issues warranting the filing of a petition for writ of certiorari, counsel shall advise the defendant of the procedures for filing a petition *pro se*, and the time limits for the filing of such a petition. Counsel shall file a certification with the clerk within 30 days certifying that he has complied with his obligations under the Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. Beaulier admitted to counsel for the government that he did not follow the procedures set forth in Part V of the Eighth Circuit's Plan.

In *Wilson v. United States*, 554 F.2d 893 (8th Cir. 1977), the court held that in a 28 U.S.C. § 2255 case, the petitioner's attorney's failure to advise of the right to petition for certiorari on direct appeal violates the right to effective assistance of counsel guaranteed by Federal Rule of Criminal

Procedure 44(a), 18 U.S.C. § 3006A, and Part V of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964. *Id.* at 894. In dictum, the court added that the attorney's failure "may also violate constitutional rights to effective assistance of counsel and due process of law." *Id.* The court recalled its mandate, issued a new mandate, and advised the defendant and his appointed counsel of his right to petition for certiorari. *Id.* at 895.

Based on Movant's testimony at the evidentiary hearing, and on its observation of Movant, the Court finds that Beaulier failed to advise Movant of his right to file a petition for a writ of certiorari, that Movant did in fact want to file a petition for certiorari, and that he made the request clear by having his friend write a letter to Beaulier. No evidence to the contrary was presented. Beaulier's failure to comply with his obligations under the Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964 resulted in Movant losing his chance to file a petition for certiorari. The fact that the letter to Beaulier asking for an appeal may have been written eight or nine months after the Eighth Circuit's mandate was issued only further demonstrates the negative impact of Beaulier's failure to advise Movant of his right to petition for certiorari. Counsel was ineffective for failing to advise Movant of his rights and, as a result, Movant suffered prejudice.

Because the performance and prejudice prong have been satisfied, the Court will grant relief on the ineffective assistance of counsel claim. In *Cox v. United States*, 294 F.3d 959 (8th Cir. 2002), after finding that counsel failed to file a petition for certiorari as promised, the Eighth Circuit vacated its judgment affirming Cox's conviction and entered a new judgment in order to allow timely filing of the petition. *See id.* at 960. The Court will ask the Eighth Circuit to vacate and reenter its Mandate in this matter and appoint new counsel to file a petition for certiorari and to represent Movant for purposes of the petition. A similar request was made by this Court and granted by the Eighth Circuit in a case entitled *United States v. Ines Herrera Martinez*, No. 03-1229SD. After holding an evidentiary hearing, this Court found Martinez's lawyer ineffective for failing to file a petition for a writ of certiorari with the United States Supreme Court after being asked to do so by Martinez. The Eighth Circuit vacated and reentered its Mandate in Martinez's case so he could file a petition for certiorari. Accordingly,

IT IS ORDERED that Lon Syhavong's § 2255 motion is granted to the extent that the Court will ask the Eighth Circuit to vacate and reenter its Mandate in this matter, and to appoint new counsel to file a petition for certiorari and to represent Movant for purposes of the petition for certiorari.

Dated this 3rd day of August, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)           DEPUTY