UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
NOV 14 2008

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LON SYHAVONG, | CIV 05-4111 |
| Movant, | CR 03-40037 |
| vs. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | AND ORDER |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Lon Syhavong filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court granted the motion in part and, as a result, further proceedings were held before the Eighth Circuit. The Court will now address Movant's remaining claims.

## BACKGROUND

On June 25, 2003, a jury conviction Movant of possession with intent to distribute at least 50 but less than 500 grams of a substance containing methamphetamine, and conspiracy to possess with intent to distribute at least 50 but less than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Sentencing took place on September 8, 2003. The Court found that Movant's criminal activity involved 3.43 kilograms of methamphetamine. Movant objected to that amount, which was set forth in the PSR prior to sentencing, arguing that only the drug amounts determined by the jury were attributable to him. Overruling that objection, the Court found an offense level of 34 and a criminal history category of I, resulting in a guideline range of 151 to 188 months. The statutory mandatory minimum for a crime involving at least 50 but less than 500 grams of a substance containing methamphetamine is 5 years

and the maximum is 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(viii) (2003).[1] Movant was sentenced to 151 months of imprisonment and 4 years supervised release on each of the two counts of conviction, to be served concurrently. Represented by retained counsel, Maury D. Beaulier, Movant appealed to the Eighth Circuit. In addition to challenging the sufficiency of the evidence, Movant argued that some drugs were incorrectly attributed to him. He also contended that this Court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(C), which requires the sentencing court to append a record of its findings to the copy of the PSR that is made available to the Bureau of Prisons. The Eighth Circuit affirmed the conviction and sentence, and its Mandate was issued on June 1, 2004. In his § 2255 motion, Movant asserts that he told appellate counsel to appeal the Eighth Circuit's decision, but counsel failed to do so. The 90-day time for filing a petition for certiorari with the United States Supreme Court expired, and Movant's conviction became final, on August 5, 2004.

On June 24, 2004, the United States Supreme Court ruled that a Washington state sentencing guideline scheme violated the defendant's Sixth Amendment right to trial by jury by permitting his sentence to be enhanced above the guideline range based on factors not found by a jury beyond a reasonable doubt, even though the resulting sentence was less than the statutory maximum. *See Blakely v. Washington*, 542 U.S. 296, 303-304 (2004). The Supreme Court clarified that the relevant statutory maximum for *Apprendi* purposes "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any addition findings." *Id.* Applying the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to this definition of "statutory maximum," the Court held that Blakely's sentence - - which was enhanced under the state guidelines based on the sentencing court's additional finding by a preponderance of the evidence that Blakely committed his kidnaping offense with deliberate cruelty - - violated the Sixth Amendment. *Blakely*, 542 U.S. at 304. The *Blakely* decision instantly generated discussions about

---

[1] Reference is made to the United States code provision in effect in 2003 and controlling at the time Movant's offenses were committed in 2003.

2

its implications for the federal sentencing guidelines. On July 1, 2004, this Court issued a Memorandum Opinion and Order hold that "the principle of *Blakely* applies to the United States Sentencing Guidelines." *United States v. Bollack et. al.*, CR 04-40017, doc. 61. On September 27, 2004, the Eighth Circuit issued an Administrative Order Regarding *Blakely* Cases, announcing that the mandates in criminal cases would be held pending the Supreme Court's decision on the constitutionality of the United States Sentencing Guidelines in *United States v. Booker*, and ruling that individual panels of judges may permit supplemental briefing after the *Booker* decision. *See, e.g., United States v. Burns*, 432 F.3d 856, 864 (8th Cir. 2005).

On January 12, 2005, the *Booker* decision was issued. *United States v. Booker*, 543 U.S. 220 (2005). Extending its holding in *Blakely* to the Federal Sentencing Guidelines, the Supreme Court ruled that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The Court held that "certain applications of the mandatory federal sentencing guidelines violated the Sixth Amendment, and adopted a remedy that rendered the guidelines essentially advisory." *United States v. Chauncey*, 420 F.3d 864, 877 (8th Cir. 2005).

On July 20, 2005, Movant brought this timely § 2255 motion requesting relief on four grounds. After briefing was completed on Movant's claims, the Court determined that an evidentiary hearing was required on the issue whether appellate counsel was ineffective for failing to petition for a writ of certiorari. This Court appointed counsel for Movant and the parties attempted to stipulate to the facts. After those attempts failed, the Court held an evidentiary hearing on July 25, 2007. The Court heard testimony from Movant. His appellate counsel, Mr. Beaulier, was not present and did not testify at the hearing. As reflected in the Memorandum Opinion and Order issued on August 3, 2007, this Court found that Mr. Beaulier failed to advise Movant of his right to file a petition for a writ of certiorari, that Movant did in fact want to file a petition for certiorari, and

that he made the request clear by having his friend write a letter to Mr. Beaulier. The Court determined that the performance and prejudice prongs of the ineffective assistance of counsel claim had been satisfied, and that Movant should be allowed to file a petition for certiorari. The Court submitted a request to the Eighth Circuit asking for an order vacating and reentering its Mandate in Movant's case, or to take whatever action the Eighth Circuit deemed appropriate in order to allow Movant to petition for a writ of certiorari. On September 6, 2007, the Eighth Circuit issued an Order denying the request without explanation.[2] This Court believes the Eighth Circuit's Order precludes any further relief on Movant's claim that appellate counsel was ineffective for failing to petition for a writ of certiorari. Accordingly, the Court will rule on Movant's remaining § 2255 claims.

The remaining claims are: 1) that Movant's court-appointed lawyer, David Palmer, and his lawyer on appeal, Maury Beaulier, rendered ineffective assistance of counsel by failing to present legal arguments at sentencing and on appeal based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000); 2) that Movant's due process rights were violated by the Court's alleged failure to comply with Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure; and 3) that Movant's sentence was unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005).

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C.A. § 2255.

---

[2]This Court's request to recall the Eighth Circuit's mandate was granted under similar circumstances in *United States v. Martinez*, CIV 05-4074.

4

1. Counsel's failure to argue *Apprendi*

A defendant is entitled to § 2255 relief if he can show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). If the court concludes that an insufficient showing has been made of either prong of the *Strickland* test, then the ineffective assistance claim should be denied. *Strickland*, 466 U.S. at 697.

Movant asserts that counsel should have argued that *Apprendi* was violated because Movant's base offense level under the sentencing guidelines was enhanced based on the drug quantity found at sentencing. In *Apprendi*, the Supreme Court held that a defendant's sentence cannot exceed the statutory maximum based on facts determined by a judge rather than a jury. In this case, the jury found that Movant's crime involved at least 50 but less than 500 grams of a substance containing methamphetamine. Therefore, the statutory maximum sentence based on the jury's finding alone (without additional findings by the Court at sentencing), was 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(viii) (2003). Because Movant's sentence did not exceed the 40-year statutory maximum, there was no violation of *Apprendi*. *See United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) ("[b]ecause no statutory maximum was exceeded, there is no *Apprendi* violation"). Thus, counsel's performance was not deficient for failing to raise an *Apprendi* argument, and Movant suffered no prejudice.

2. Court's alleged failure to comply with Rule 32(i)(3)(C)

Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure requires the court to append a copy of its sentencing determinations to the PSR given to the Bureau of Prisons. As stated above, section 2255 provides a remedy for the sentencing court to release or re-sentence a defendant who claims that "the sentence was imposed in violation of the constitution or laws of the United States or that the court was without jurisdiction to impose such a sentence . . . or is otherwise subject to

collateral attack." 28 U.S.C. § 2255. It is not intended to provide a remedy for "all claimed errors in convictions and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Here, the claim that the Court failed to comply with Rule 32(i)(3)(C) does not raise a cognizable § 2255 claim. Even if a record of the Court's findings was not attached to the PSR, that would not affect the lawfulness of Movant's sentence. The Court had jurisdiction, the sentence was within the statutory limits, and the proceedings were not "infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *Id.* at 186. Thus, the Movant is not entitled to relief under § 2255 on this ground.

3.  Unconstitutional Sentence Under *Booker*

Movant argues that the Supreme Court's *Booker* decision is retroactive and that he may raised a *Booker* violation in these § 2255 proceedings. This Court is bound, however, by the Eighth Circuit's holding in *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) (per curiam), that *Booker* "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Id.* at 783-84. Movant did not cite and the Court did not locate a case finding it unconstitutional to apply the federal sentencing guidelines to sentences that became final after *Blakely* but before *Booker*. In *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), the Seventh Circuit held that it was *Booker* and not *Blakely* which established the new rule that the federal sentencing guidelines are not mandatory, and that *Booker* does not apply retroactively to cases that became final before its release on January 12, 2005. *Id.* at 481.

> We conclude, then, that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which Blakely v. Washington, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), came down, is the appropriate dividing line; Blakely reserved decision about the status of the federal Sentencing Guidelines, *see id.* at 2538 n. 9, so Booker itself represents the establishment of a new rule about the federal system.

*McReynolds*, 397 F.3d at 481. Although the Eighth Circuit did not articulate the rationale of *McReynolds* in its Order denying this Court's request to recall the mandate and allow Movant to

6

petition for certiorari, the Court assumes the Eighth Circuit followed the reasoning of *McReynolds*. Because Movant's conviction was final before the *Booker* decision was issued, he is precluded from obtaining relief under *Booker* in this § 2255 motion.

An evidentiary hearing is not required on a § 2255 motion if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Thus, if the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (stating that "an evidentiary hearing is necessary only where 'the court is presented with some reason to question the evidence's credibility'"). An evidentiary hearing was held on the issue whether appellate counsel was ineffective for failing to petition for a writ of certiorari, and a hearing is not required on Movant's remaining claims because his allegations, accepted as true, do not entitle him to relief.

When the district court has denied a motion under 28 U.S.C. § 2255, the Movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

(1)  That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is denied.

(2)  That a Certificate of Appealability shall not issue on any of the claims raised in the § 2255 motion.

Dated this 13th day of November, 2008.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By *[signature]*, Deputy
(SEAL)

8